## Springettsbury Township v. Williams Co.

*George M. Elsesser, Jr.*, for plaintiff.
*Stuart M. Neely*, for defendant.

ATKINS, P. J., January 22, 1968.—Ordinance 57-7 of Springettsbury Township makes it unlawful for

"Any person to build or alter any building or structure in Springettsbury Township without having obtained a permit therefor . . ." By definition in the ordinance, "build" includes repairing any structure. "Structure" is defined as "any combination of materials to form a construction that is safe and stable".

H. J. Williams Company, Incorporated, was engaged to resurface a driveway 8 feet wide and 100 feet long on premises in the township. The work was in progress at the time this prosecution was brought. At the time the charges were brought, defendant was engaged in repairing the driveway by filling holes in it so as to even the surface prior to putting on a material that would create a smooth surface over the whole driveway. While this work was in progress, a representative of the township advised defendant that a permit was required for the work that they were doing, and that the ordinance was being violated since no permit had been obtained. Defendant promptly ceased work and the next morning applied for a permit which was refused. The reason for the refusal was that the matter was then in the hands of an alderman. Defendant was convicted by the magistrate and an appeal from the conviction and sentence was allowed by the court.

Two questions are raised by the appeal: (1) That defendant was not violating the ordinance, and (2) that the magistrate before whom the prosecution was brought was without power to hear the case since he was not a magistrate within Springettsbury Township.

The second issue has not been briefed by either party, and we consider it abandoned.

The first contention of defendant is predicated on the assertion that a driveway is not a structure within the definition set forth in the ordinance. If it is not a structure, then defendant did not violate the ordinance. Conversely, if it is a structure then defendant

was required to have a permit and was in violation of the ordinance. As noted above, a structure is "any combination of materials to form a construction". "Construction" is defined in Webster's New International Dictionary as "To put together the constituent parts of something in their proper place or order; to build; form; make; as, to construct an edifice".

Certainly, the building or forming or making a driveway includes the putting together the constituent parts of it in their proper place or order, thus forming a construction which is a structure by definition so far as this ordinance is concerned. Defendant here argues that since the job was to refinish the surface of the driveway, it is excused from obtaining a permit because the definition of "building" excludes "the mere painting or finishing of surfaces when not accompanied by any other activity herein referred to". There is other activity involved here. It was stipulated that the driveway had to have repair work done on it before the new surface could be applied.

Other cases are of no great help here, since the controlling factor is the ordinance itself with the definitions contained in it. The nearest case we have found is Crayder v. Seidman, 87 D. & C. 118, which is discussed by both parties in their briefs. There, a street was held to be a "structure". The ordinance in that case did not define "structure". The court there points out that a structure may be on a horizontal plane as well as a vertical one. We agree with that premise.

It is our conclusion that the ordinance in this case was violated and that defendant is, therefore, guilty. However, we are satisfied that the failure to obtain the permit was not the result of an intent to violate the law but was the result of an opinion that the law did not apply to this kind of work.

For these reasons we enter this order:

And now, to wit, January 22, 1968, at 10 a.m., it is ordered, adjudged and decreed that H. J. Williams Company, Incorporated, is guilty of a violation of Ordinance 57-7 of Springettsbury Township as charged in this prosecution. However, for the reasons indicated, sentence is suspended and defendant is directed to pay the costs of prosecution.